**MILLER v. HAMPTON et al.**

Court of Appeals of Kentucky.

June 5, 1953.

William Hays and J. Smith Hays, Winchester, for appellant.

Rodney Haggard and D. L. Pendleton, Sr., Winchester, for appellee.

MILLIKEN, Justice.

This action was instituted by the appellees, Nathan and Lottie Mae Hampton, against the appellant, William C. Miller, to quiet title to a rectangular parcel of land, 129 feet 9 inches by 25 feet 9½ inches, known as the north half of lot 36 in the Oliver Addition, Winchester, Kentucky. The appellant made no claim to the western portion of the lot, but did claim title to that portion, 43 feet by 25 feet, 9½ inches, lying in the eastern or alley side of the lot where he had erected a taxi stand. The chancellor adjudged that the Hamptons were the owners of the whole lot and Miller appeals.

The appellees traced their record title to the entire lot through an unbroken chain of mesne conveyances back to J. W. Poynter and wife, who conveyed the property to Hudson Langford by a deed dated June 1, 1894, recorded June 11, 1896. Hudson Langford devised the lot to his wife, Mary, in 1913. Mary conveyed the lot to Sam and Mattie Smith on February 11, 1930, and the Smiths conveyed the lot to the appellees on October 12, 1943. The appellees' record title stands complete back to the Poynter deed and all of the instruments of title purport to convey the whole north half of lot 36.

The appellant traced his record title to the eastern portion of the lot as follows: He received his deed from Lula Berry in 1946. Lula received her deed from her husband, Thomas Berry, in 1914. Thomas received his deed from Alice Wilson in 1913. But here the chain of title breaks and does not establish a common source. The appellant attempts to hook into the appellees' chain of title at the Langford link, but there is no deed from the Langfords to Alice Wilson nor was any evidence introduced as to the execution of such an instrument. The Wilson to Thomas Berry deed vainly attempts to bridge the gap between Wilson and Langford by a

recitation that a deed had been made by Langford to Ed and Alice Wilson in 1892, but that it had been lost or destroyed and never placed of record. It is a fundamental that the grantor and grantee to a deed cannot by their private agreement take the title out of someone who is not a party thereto nor make stipulations in it which would be binding upon strangers to the instrument. Furthermore, the evidence appears conclusive that the Langfords did not own the lot in 1892.

The appellant also relies upon adverse possession to establish his title, but the evidence discloses that the appellees and their predecessors in title have been living in a residence on the west portion of the lot for over a half century and that no one occupied the east portion of the lot for over thirty-two years before the appellant built his taxi stand in 1946. The evidence supports the chancellor's findings.

The judgment is affirmed.